**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUN 2 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7112 |
| Plaintiff - Appellee, | D.C. No. 6:07-cr-00020-DWM-1 |
| v. | |
| LARRY EDWARD TALSETH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted May 21, 2025[**]

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Larry Edward Talseth appeals from the district court's judgment and challenges the 12-month sentence imposed upon the third revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Talseth contends the sentence is substantively unreasonable because the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"unproven" allegation that he committed a new crime did not show he poses a danger to the community. The district court found the allegation to be true following an evidentiary hearing, however, and Talseth does not challenge that determination on appeal. Moreover, the allegation, along with Talseth's history on supervision, supported the court's conclusion that he poses a danger to the public. The district court did not abuse its discretion in imposing the above-Guidelines sentence, which is substantively reasonable under the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Moreover, the record does not support Talseth's assertion that the district court failed to use the corrected Guidelines range as a benchmark, or that it imposed the sentence to punish him.

**AFFIRMED.**